C. Kathryn Preston, Unites State Bankruptcy Judge
In Chapter 7 cases, the case trustee is generally tasked with collecting and liquidating the debtor's non-exempt assets for the benefit of creditors. 11 U.S.C. § 704. The trustee is also vested with the authority to avoid preferential transfers, which allows him to recover certain pre-petition transfers for the benefit of the bankruptcy estate. See 11 U.S.C. §§ 547(b), 541(a)(3), 550.[1] In the instant adversary proceeding, Chapter 7 trustee Brent Stubbins ("Plaintiff") seeks to recover $20,626.88 from creditor Brian W. Jones ("Defendant") that was garnished from Geary M. Battistelli's ("Debtor") checking account before he filed his bankruptcy petition.[2] Defendant moves to dismiss, arguing that Debtor does not have an equitable interest in the garnished funds. Because the Court finds that Plaintiff's allegations are sufficient to state a plausible claim for relief, Defendant's motion is not well taken.
Plaintiff filed an adversary complaint (the "Complaint") against Defendant on April 24, 2018. The Complaint alleges the *26 following facts: Mark and Robin Fleming obtained a judgment against Debtor in the Allegheny County Court of Common Pleas in Pennsylvania. The judgment was subsequently assigned to Defendant.[3] The Writ of Execution compelled WesBanco to garnish funds in Debtor's checking account to satisfy the judgment. On January 18, 2018, Debtor's WesBanco checking account was garnished in the amount of $20,326.68.[4] Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on February 14, 2018.
In Count One of the Complaint, Plaintiff alleges that the garnishment:
was a preference in that it was: (1) to or for the benefit of one of the Debtor's creditors; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the Debtor was insolvent; (4) made on or within 90 days of the date of filing of the Debtor's Bankruptcy Petition; and (5) enables the creditor to receive more than such creditor would have received had the transfer had not been made and such creditor would have received payment of the debt as provided pursuant to 11 U.S.C. Chapters 5 and 7.
(Compl. at 3, ECF No. 1). In Count Two, Plaintiff alleges that he is entitled to an order compelling Defendant to turn over the garnished funds pursuant to 11 U.S.C. § 542. Plaintiff seeks a money judgment against Defendant in the amount of $20,626.68,[5] or, in the alternative, an order requiring Defendant to turn over the garnished funds for administration in the bankruptcy estate.
Defendant filed his Amended Motion to Dismiss the Complaint (Doc. # 6) (the "Motion") on June 1, 2018, arguing that the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] Specifically, he argues that the Complaint fails to establish that Debtor had an equitable interest in the garnished funds. Plaintiff filed his Response in Opposition to Defendant's Amended Motion to Dismiss (Doc. # 10) on June 22, 2018. Plaintiff argues-and the Court agrees-that he does not "have to prove the merits of his case to survive Defendant's Motion to Dismiss. Rather, all that is required is that [the] Complaint contain sufficient facts to state a claim for relief that is plausible." (Pl.'s Resp. at 3, ECF No. 10).
"To survive a motion to dismiss, the plaintiff must allege facts that if accepted as true, are sufficient to state a claim to relief that is plausible on its face." Majestic Building Maint., Inc. v. Huntington Bancshares, Inc ., 864 F.3d 455, 458 (6th Cir. 2017) (citing Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft , 556 U.S. at 678, 129 S.Ct. 1937.
*27 When deciding a Rule 12(b)(6) motion, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." Bassett v. NCAA , 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).
First, the Court finds that the Complaint states a plausible claim for relief under 11 U.S.C. § 547(b).
In order to survive a motion to dismiss, the complaint must contain allegations regarding the following elements: (1) the transfers were of an interest of Debtors in property; (2) the transfers were made to or for the benefit of a creditor; (3) the transfers were for or on account of a debt owed by Debtors before the transfer was made; (4) Debtors were insolvent when the transfers were made; (5) the transfers were made within ninety days before the filing of the petition or between ninety days and one year before the filing of the petition if the creditor was an insider; and (6) the transfers enabled the creditor to receive more than he would otherwise have received if the transfer had not been made and he had received his pro rata share of the property of the estate under Chapter 7.
Zaremba v. Pheasant (In re Cont'l Capital Inv. Servs., Inc.) , No. 05-3322, 2006 WL 6179374, at *3, 2006 Bankr. LEXIS 5164, at *10-11 (Bankr. N.D. Ohio 2006) (citing 11 U.S.C. § 547(b) ).
The Complaint alleges that $20,326.68 was garnished[7] from Debtor's checking account on January 18, 2018-less than a month before Debtor filed his bankruptcy petition-to satisfy a prepetition judgment against Debtor that was assigned to Defendant, that the garnishment occurred while Debtor was insolvent, and that it enabled Defendant to receive more than he would have had the garnishment never occurred and Defendant received payment of his debt pursuant to Debtor's Chapter 7 bankruptcy. Taking the allegations as true, the Court finds that Plaintiff has stated a plausible claim for relief.
Defendant argues that the Complaint must be dismissed because it fails to establish all the elements of an avoidable transfer under 11 U.S.C. § 547(b) ; namely, that Debtor had an interest in the transferred property. Attached to the Motion is a handwritten letter between Defendant and Debtor, which purportedly shows that the funds in the checking account did not belong to Debtor. According to Defendant, Debtor's father contributed 100% of the funds in the checking account, which means that Debtor only had a legal interest in the checking account under Pennsylvania law, and 11 U.S.C. § 541(d) requires that the debtor have both a legal and an equitable interest in the property. The Court disagrees.
First, the Court will not consider the handwritten letter because it is not the Complaint, an exhibit attached to the Complaint, a public record, or referred to in the Complaint. Bassett , 528 F.3d at 430.[8] Second, the Complaint refers to the checking *28 account as "the Debtor's WesBanco checking account ending 3400 ...." (Compl. at 3, ECF No. 1) (emphasis added). And Debtor's name is listed on the Redacted Checking Account Statement, which the Court can consider because it is attached as an exhibit to the Complaint. Accepting the allegations as true, the garnishment was a transfer of an interest of the Debtor in the funds in the account. Defendant may ultimately be correct-that Debtor had no equitable interest in the funds in the account because he made no contributions-but this is an issue of fact, yet to be determined. See , e .g ., Stanziale v. Rite Way Meat Packers, Inc. (In re CFP Liquidating Estate) , 405 B.R. 694, 698 (Bankr. D. Del. 2009) (when ruling on a 12(b)(6) motion, the court is not concerned with whether the plaintiff will ultimately prevail). Thus, Defendant's argument fails.
Turning to Count Two, the Court also finds the Complaint states a plausible claim for relief under 11 U.S.C. § 542(a). That section provides that an entity in "possession, custody, or control, during the case, [of property of the estate] shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). "Property of the estate" generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).
Defendant argues that Debtor only had the intent to hold the checking account for the benefit of his father. Thus, Debtor's interest in the funds "is that of a trustee of a resulting trust, an interest which is not property of the estate." (Def.'s Am. Mot. Dismiss at 7, ECF No 10). Again, Defendant is putting the cart before the horse; Debtor's intent with respect to the account and the amount of contributions Debtor made to the account, if any, are issues of fact that will not be determined at this point in the case. Whether it be at trial or in a motion for summary judgment filed after discovery, Defendant will have an opportunity to raise his arguments. But at this stage of the litigation, the only question is whether Plaintiff's allegations, taken as true, state plausible claims for relief. Here, they do.
Accordingly, it is hereby
ORDERED AND ADJUDGED that the Amended Motion of Defendant, Brian W. Jones, to Dismiss the Complaint for Failure to State a Claim Pursuant to Fed. R. Bankr. P. 7012(b)(6) (Doc. # 6) is DENIED .
IT IS SO ORDERED .

The purpose of this power is to discourage creditors from "racing to the courthouse to dismember the debtor's property during the debtor's slide into bankruptcy" and to "facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor." 10 Collier on Bankruptcy P. 547.01 (Alan J. Resnick & Henry J. Sommer eds., 16th rev. 2018).

A trustee must file an adversary complaint in order to recover money or property from a non-debtor. Fed. R. Bankr. P. 7001(1).

According to the Writ of Execution attached to the Complaint, the judgment is in the amount of $287,790.00.

A copy of Debtor's Redacted Checking Account Statement, evidencing the garnishment, is attached to the Complaint.

It is not clear why this amount differs from the amount garnished according to paragraph 10 of the Complaint.

Fed. R. Civ. P. 12 is applicable to adversary proceedings in bankruptcy court pursuant to Fed. R. Bankr. P. 7012.

A garnishment may constitute a "transfer" for purposes of § 547(b). See 11 U.S.C. § 101(54)(D) ; In re Thomas , 7 B.R. 389, 393 (Bankr. W.D. Va. 1980) ("The [Bankruptcy] Code definition of 'transfer' is as broad as possible, inclusive of such involuntary transfer[s] as a levy, a garnishment, or a judicial lien.").

The Court would be required to treat the Motion as a motion for summary judgment if it elected to consider the letter or other matters outside the pleadings. Fed. R. Civ. P. 12(d)